DECISION
On August 26, 1999, Franklin County Children Services ("FCCS") filed complaints alleging that Jawan Cumberlander, born December 23, 1997, and Jalan Harris, born December 25, 1998, were neglected and dependent minors. The complaints alleged that the children's mother, Juana Cumberlander, and the children's putative father, Kalen Harris, had been abusing drugs and had failed to provide for their children's basic needs. According to the complaints, a home inspector observed that the mother was under the influence of drugs and that there were no beds or food for the children.
An adjudicatory hearing was held on October 18, 1999. The state dismissed the neglect causes and Juana Cumberlander, who was represented by counsel, did not contest the allegations in the complaints. A magistrate determined that Jawan and Jalan were dependent minors, and the children were committed to the temporary custody of FCCS. As part of its disposition, the court journalized a case plan, which outlined the issues that caused the children to be removed from the home and set forth a strategy for reunification.
On January 26, 2000, FCCS filed motions for permanent custody of Jawan and Jalan, pursuant to R.C. 2151.413. The motions alleged that permanent custody was in the children's best interests because the children could not be placed with either of their parents within a reasonable time or should not be placed with either of their parents. In affidavits supporting the motions, an FCCS social worker testified that the parents had failed to complete the reunification case plan, which included objectives concerning substance abuse treatment, parenting skills, housing, employment and domestic violence. On March 15, 2000, Juana appeared with counsel for a hearing on the permanent custody motions. Trial was set for July 27, 2000.
On April 13, 2000, Juana gave birth to Dion Cumberlander, who was discharged from the hospital into the custody of FCCS. On May 18, 2000, FCCS filed a complaint alleging that Dion was a neglected and dependant child. The complaint requested permanent custody. Juana was personally served with the summons and complaint regarding Dion on July 5, 2000, and she was ordered to appear at the consolidated trial on all three cases, which was set for July 27, 2000.
Juana failed to appear for the permanent custody trial, but she was represented by counsel who had been appointed on the custody issues involving Jawan and Jalan. FCCS offered evidence that the parents had not completed the reunification case plan and that a grant of permanent custody for the purpose of adoption was in the best interests of the three children. The trial court determined that Dion was a neglected and dependent child and granted FCCS's request for permanent custody of all three children.
Juana Cumberlander appeals, raising the following assignments of error:
 I. The Trial Court abused its discretion in denying Appellant's counsel's Motion for a continuance due to the absence of Appellant at the scheduled trial date.
 II. The Trial Court erred in failing to appoint Appellant counsel in the case of In re Dion Cumberlander
(00JU-05-594).
 III. The Trial Court erred in failing to properly place the witness under oath.
 IV. The Trial Court erred in improperly allowing hearsay evidence into the record at the adjudicatory hearing.
 V. The Trial Court erred in finding that the circumstances giving rise to the original filing have not been sufficiently alleviated.
By her first assignment of error, appellant argues that the trial court erroneously denied her attorney's motion for a continuance on July 27, 2000, the date set for the consolidated trial on the issue of permanent custody of all three children. Appellant contends that a continuance should have been granted in order to ascertain her whereabouts.
Loc.R. 2 of the Court of Common Pleas of Franklin County, Division of Domestic Relations, Juvenile Branch, states that "[n]o case will be continued on the day of hearing except for good cause shown." We review a trial court's decision to grant or deny a continuance under an abuse of discretion standard. State v. Unger (1981), 67 Ohio St.2d 65, 67. An abuse of discretion connotes more than an error of law or judgment, but implies that the judgment can be characterized as unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,219. When applying the abuse of discretion standard, a reviewing court may not substitute its judgment for that of the trial court. Berk v.Matthews (1990), 53 Ohio St.3d 161, 169.
In the instant matter, counsel moved for a continuance on the date of trial because appellant did not appear, but he was unable to offer any explanation for her absence. In fact, counsel indicated that appellant had not responded to his diligent efforts to contact her. The record demonstrates that appellant had twice been informed of the July 27, 2000 trial date and, to date, no explanation has been offered for her absence. Under these circumstances, we conclude the trial court did not abuse its discretion in denying the continuance. Appellant's first assignment of error is overruled.
In her second assignment of error, appellant argues that the trial court erred by failing to appoint counsel to represent her in the matter involving Dion Cumberlander. She contends that, because she had requested appointment of counsel in the matters involving Jawan and Jalan, the trial court should have sua sponte appointed counsel on the Dion Cumberlander matter, particularly in light of the unique allegation that Dion had tested positive for cocaine at birth.
A copy of the complaint pertaining to Dion, which was personally served upon appellant on July 5, 2000, contained the following conspicuous statements:
NOTICE TO PARENTS
 YOU ARE HEREBY ADVISED THAT THE GRANTING OF PERMANENT CUSTODY OF THE ABOVE-NAMED CHILD PERMANENTLY DIVESTS THE PARENTS OF THEIR PARENTAL RIGHTS AND PRIVILEGES. IF FRANKLIN COUNTY CHILDREN SERVICES OBTAINS PERMANENT CUSTODY OF THE ABOVE-NAMED CHILD, THE PARENTS WILL HAVE NO LEGAL RIGHTS TO THE CHILD. AT THAT TIME, THE CHILD MAY BE PLACED FOR ADOPTION.
 ANY PARTY IS ENTITLED TO BE REPRESENTED BY COUNSEL IN THIS PROCEEDING. IF YOU WISH TO BE REPRESENTED BY AN ATTORNEY AND YOU ARE INDIGENT (UNABLE TO PAY FOR AN ATTORNEY), THE COURT WILL APPOINT AN ATTORNEY TO REPRESENT YOU.
Even though she was alerted to the nature of the proceedings and her right to counsel, appellant never contacted the court prior to the trial date to secure appointment of counsel, nor did she attend the trial and request that counsel be appointed on her behalf. Appellant cites no authority, nor are we aware of any, to support her argument that her indigent right to counsel required the court to appoint counsel even though she had neither requested counsel nor appeared in court as ordered. We therefore overrule appellant's second assignment of error.
By her third assignment of error, appellant contends that the trial court erred when it proceeded as follows:
 JUDGE CHINNOCK: Amy Wood, consider yourself sworn under oath, okay?
MS. WOOD: Yes. [Tr. at 11.]
Appellant argues that this exchange falls short of the requirements imposed under Ohio law. R.C. 2317.30 provides:
 Before testifying, a witness shall be sworn to testify the truth, the whole truth, and nothing but the truth.
R.C. 3.20 provides an affirmation may be used in lieu of an oath and R.C. 3.21 provides a witness may be sworn in any form binding on the witness' conscience. Juv.R. 29(E)(3), which governs the procedures for an adjudicatory hearing, requires the juvenile court to "[t]ake all testimony under oath or affirmation." Pursuant to Juv.R. 34(I), the Ohio Rules of Evidence apply to hearings on motions for permanent custody. See, also, Evid.R. 603. The purpose of swearing or affirming a witness is two-fold: to impress upon the witness the solemnity of the event and the need to testify truthfully and to subject the witness to the penalties for perjury if the testimony is proved to be false. The casual manner in which the trial judge proceeded undermines both purposes.
However, our review in this case is extremely limited because appellant's counsel did not object to the failure of the trial judge to properly administer the oath to the witness, or to the introduction of Wood's testimony. Ohio law has long recognized that, in civil cases, "failure to timely advise a trial court of possible error, by objection or otherwise, results in a waiver of the issue for purposes of appeal."Goldfuss v. Davidson (1997), 79 Ohio St.3d 116, 121. The plain error doctrine is not favored in appeals of civil cases and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself. Id.
Although the oath administered by the trial court was a marginal effort to comply with the law, we do not believe that the application of the oath amounted to plain error. See Gibraltar Mausoleum Corp. v.Cincinnati (1981), 1 Ohio App.3d 107, 111 (noting that an appellant who did not object to the introduction of unsworn testimony waived its right to object to the testimony on appeal). Since the witness responded affirmatively to the court's request that she consider herself sworn, there is no clear indication that the purpose of the oath was frustrated by the court's choice of language. Moreover, counsel for appellant declined to cross-examine the witness to challenge the truthfulness of her testimony. We therefore overrule appellant's third assignment of error.
In her fourth assignment of error, appellant argues that the trial court erred by allowing hearsay evidence into the record. Specifically, appellant argues that the trial court should have excluded testimony that Dion had tested positive for cocaine at birth. Appellant also argues that the trial court should have excluded testimony about the contents of appellant's substance abuse assessment report.
"The Rules of Evidence shall apply in hearings on motions for permanent custody." Juv.R. 34(I). "Excessive reliance by the court on hearsay evidence may lead to a determination on appeal that the agency failed to meet its burden of showing by clear and convincing evidence that permanent termination was justified." In the Matter of: Greene (Nov. 17, 1992), Franklin App. No. 92AP-288, unreported.
We conclude that the evidence at issue is not hearsay, as it was not "offered * * * to prove the truth of the matter asserted." See Evid.R. 801(C). Rather, the evidence was solicited for the purpose of demonstrating that FCCS had reason to require drug treatment as part of its case plan.
Even if we were to conclude that the evidence at issue was admitted improperly to demonstrate the truth of the matters asserted, we believe that any resulting error would be harmless. Civ.R. 61 provides the following, in pertinent part:
 No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is grounds for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. * * *
The case plan with regard to Jawan and Jalan, which set forth appellant's history of substance abuse and required appellant to participate in drug treatment, had been adopted by the court. Appellant's substance abuse problems and treatment plan were, therefore, already part of the record. Furthermore, even if the disputed evidence is omitted, the record contains sufficient other evidence that appellant failed to comply with the substance abuse portions of the case plan. We therefore overrule appellant's fourth assignment of error.
By her fifth assignment of error, appellant contends that the trial court erred in finding that the circumstances giving rise to the original filing have not been sufficiently alleviated. She alleges that there is no evidence in the record to indicate that the problems that instigated the involvement of FCCS, concerns about appellant's drug abuse and her failure to meet the children's needs, persist. We disagree.
The FCCS caseworker testified, without objection, with regard to appellant's failure to comply with the case plan. Appellant completed only fourteen of twenty-three random urine screens. Appellant did not complete the required drug assessment. Appellant did not maintain regular weekly visitation with the children, and she last visited with her children approximately eight weeks before the trial. The caseworker testified that she had no information to indicate that appellant completed the required substance abuse treatment, parenting classes or anger management training. The caseworker testified that her efforts to contact appellant were hampered because the telephone number provided by appellant was disconnected. Based on this testimony, we conclude that there was clear and convincing evidence in the record that appellant's drug abuse and parenting problems persisted, and we overrule appellant's fifth assignment of error.
For the foregoing reasons, appellant's assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, Juvenile Branch, is affirmed.
 ___________ BOWMAN, J.
PETREE and BROWN, JJ., concur.